IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SARA DIAZ-LEBEL, on behalf of herself and all others similarly situated,

    Plaintiff,

    v.

TD BANK USA, N.A. and TARGET CORP.,

    Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action No.
17-1611 (JBS/AMD)

**OPINION**

APPEARANCES:

Adam Herbert Weintraub, Esq.
Daniel M. Hutchinson, Esq. (pro hac vice)
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
250 Hudson Street, 8th Floor
New York, NY 10013
    -and-
Jarret L. Ellzey, Esq. (pro hac vice)
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Suite 1120
Galleria Tower I
Houston, TX 77056
    -and-
Aaron Siri, Esq. (pro hac vice)
SIRI & GLIMSTAD LLP
200 Park Avenue, 17th Floor
New York, NY 10166
    Attorneys for Plaintiff

Susan M. Leming, Esq.
Jonathon L. Triantos, Esq.
BROWN & CONNERY, LLP
360 Haddon Avenue
Westmont, NJ 08108
    -and-
Brian Melendez, Esq. (pro hac vice)
DYKEMA GOSSETT PLLC

4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
    Attorneys for Defendant

**SIMANDLE**, **District Judge:**

**I. INTRODUCTION**

This matter is before the Court on the motion of Defendants TD Bank USA, N.A. and Target Corporation (collectively, "Defendants") to change venue in a matter arising out of alleged violations of the Telephone Consumer Protection Act ("TCPA"). (Docket Item 20.) The principal issue before the Court is whether the convenience of the parties and witnesses and the interest of justice favor transfer of the action. In light of ongoing litigation in the District of Minnesota involving substantially-similar allegations, and for the reasons explained below, the Court will grant the motion and transfer the case to the United States District Court for the District of Minnesota.

**II. BACKGROUND**

    **A. This Action**

On March 9, 2017, Plaintiff Sara Diaz-Lebel ("Plaintiff") filed a putative class action complaint against Defendant Target Corporation ("Target") and TD Bank USA, N.A. ("TD Bank") in the District of New Jersey. (Docket Item 1.) In the complaint, Plaintiff alleges that "Defendants conducted (and continue to conduct) wide-scale calling campaigns and repeatedly made

unsolicited calls to consumers' telephones without consent, in violation of the Telephone Consumer Protection Act." (Id. at ¶¶ 2, 6.) Notably, "[a]t all times of the calls, Plaintiff did not have a Target REDcard [and] never had a Target REDcard." (Id. at ¶ 36.) Thus, Plaintiff seeks to represent a "wrong number class" consisting of:

> All persons in the United States whose (1) cellular telephone number has been called by Defendants; (2) more than once; (3) with an artificial or prerecorded voice and/or an automatic telephone dialing system; and (4) did not have a Target REDcard contract with Defendants, (5) from March 9, 2013 to the date that class notice was disseminated.

(Id. at ¶ 49.)

According to the complaint, Plaintiff is a resident of Methuen, Massachusetts, Target is a corporation headquartered in Minnesota and doing business in New Jersey and nationwide, and TD Bank is a large national bank chain that maintains its principal office in Cherry Hill, New Jersey and, inter alia, "underwrites, funds, and owns Target Credit Card and Target MasterCard consumer receivables in the U.S." (Id. at ¶¶ 6-9.) As relevant to this motion, Plaintiff avers that, "at all times relevant to this lawsuit, Defendant[s] conducted and continue[] to conduct business in [the District of New Jersey]." (Id.) Defendants acknowledge they conduct business in this District, but "deny that [either company] engaged in any transaction or

3

occurrence in this judicial district with respect to this civil action." (Docket Item 13 at ¶¶ 8-9.)

**B.   The <u>Garcia</u> Action in the District of Minnesota**

On February 27, 2016, Israel Garcia, a Texas resident, filed a similar putative class action against Target (but not TD Bank) in the Southern District of Florida. <u>Garcia v. Target Corp.</u>, Case No. 0:16-cv-20727-JEM (S.D. Fl.). On July 28, 2016, that action was transferred to the District of Minnesota on Target's unopposed motion. <u>Id.</u> (Docket Item 24).

In his complaint, Mr. Garcia alleged that Target violated the TCPA by "making unauthorized automated telephone calls using an ATDS ('robocalls') . . . to individuals who never provided consent to be called by [Target]." <u>Id.</u> (Docket Item 1 at ¶¶ 1, 12). Mr. Garcia sought to represent:

> All persons in the United States and its territories who, within four years prior to the commencement of this litigation, received one or more telephone calls from Defendant on their cellular telephone through an automated telephone dialing system where the called party was not the same individual who, according to Defendant, provided the phone number to Defendant.

<u>Id.</u> (Docket Item 1 at ¶ 21).

On November 3, 2016, the District Court for the District of Minnesota granted a motion to stay the <u>Garcia</u> action, pending the Court of Appeals for the D.C. Circuit's decision in <u>ACA Int'l v. FCC</u>, No. 15-1211 (D.C. Cir.). <u>Garcia v. Target Corp.</u>, Case No. 0:16-cv-02574-MJD-BRT (D. Minn.) (Docket Item 55). As

of the date of this Opinion, the Garcia action is still stayed in the District of Minnesota.

**C.    The Martinez Action in the District of New Jersey**

On October 16, 2015, Charlene Martinez, a resident of California, filed a class action complaint against TD Bank in this District. Martinez v. TD Bank USA, N.A. & Target Corp., Case No. 1:15-cv-07712-JBS-AMD (D.N.J.) (Docket Item 1). On March 1, 2016, Ms. Martinez filed an amended complaint, which added Target as a defendant. Id. (Docket Item 25).

In her amended complaint, Ms. Martinez alleged that "TD Bank, on its own and through its servicing agents, such as Target, has called cellular telephone numbers it associates with [a portfolio of credit card account serviced by Target], without the express consent of the call recipients" in violation of the Telephone Consumer Protection Act. (Id. at ¶¶ 1-2.) Ms. Martinez sought to represent:

> Every individual in the United States who: (1) received a call on his or her cellular telephone; (2) placed by or on behalf of Defendants; (3) relating to a Target credit card; (4) using a dialer; and (5) where Defendants did not have prior express consent to place such call at the time it was placed.

(Id. at ¶ 39.)

On June 30, 2017, this Court granted summary judgment in favor of Defendants on Ms. Martinez's TCPA claim after finding that Ms. Martinez had not put forth sufficient evidence to allow

5

a reasonable finder of fact to conclude that she had revoked her consent to be called by Defendants. Martinez v. TD Bank USA, N.A. & Target Corp., 2017 WL 2829601, at *7 (D.N.J. June 30, 2017). Shortly thereafter, the parties filed a stipulation to dismiss the entire case without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), which the Court so ordered on September 28, 2017. Martinez v. TD Bank USA, N.A. & Target Corp., Case No. 1:15-cv-07712-JBS-AMD (D.N.J.) (Docket Item 80). The Martinez action is no longer pending before the Court.

**III. DISCUSSION**

Defendants ask this Court to exercise its discretion, pursuant to 28 U.S.C. § 1404, and transfer this action to the District Court for the District of Minnesota. Under § 1404(a), a district court is authorized to "transfer any civil action to any other district or division where it might have been brought," if the transfer serves "the convenience of the parties and witnesses, [and is] in the interest of justice." The Court is vested with broad discretion under this statute to decide whether a transfer of venue is appropriate given considerations of fairness and convenience in the particular case. Stewart Org., Inc. v. Rocoh Corp, 487 U.S. 22, 29 (1988). In evaluating the propriety of transfer, courts consider "a wide range of public and private interests." Yocham v. Novartis Pharm. Corp., 565 F. Supp. 2d 554, 557 (D.N.J. 2008). For the following

reasons, the Court will exercise its discretion and transfer this action to the District of Minnesota.

### A. Private Factors

The Third Circuit has identified several private interests that trial courts consider in deciding motions to transfer:

> plaintiff's forum choice as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The Court finds that, on balance, the private interest factors weigh towards transfer to the District of Minnesota.

**First**, the relevant course of conduct giving rise to Plaintiff's claims arose outside of this District. At all times relevant to her claims, Plaintiff resided in Massachusetts. (Docket Item 1 at ¶ 6.) TD Bank's oversight and monitoring of the Target credit-card operations occurs exclusively at a Target facility located in Minnesota and the only call centers from which Target places calls to its credit-card holders are located in Minneapolis, Minnesota and Tempe, Arizona. (Wolf Decl. at ¶¶ 3-7.) Indeed, Target does not have any call centers or equipment in New Jersey from which to call Plaintiff. (Id. at ¶ 7.) Thus, any alleged calls made by Defendants would have originated in

Minnesota or Arizona and been received by Plaintiff in Massachusetts.

Plaintiff makes much of the fact that TD Bank maintains its principal office in Cherry Hill, New Jersey and that TD Bank acquired Target's credit-card portfolio in 2013. (Docket Item 25 at 10.) But Plaintiff has not adequately alleged that TD Bank's acquisition of Target's REDcard portfolio has any bearing on this case, especially in light of the fact that Plaintiff alleges she never actually possessed a Target REDcard. (Docket Item 1 at ¶ 36) Plaintiff has, therefore, not alleged any relevant conduct in the District of New Jersey.

Where, as here, a plaintiff chooses a forum that is different from its home forum, that choice "is entitled to less deference." Allianz Life Ins. Co. of N. Am. v. Estate of Bleich, 2008 WL 4852683, at *4 (D.N.J. Nov. 6, 2008). Additionally, "the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district." Id. (quoting Cameli v. WNEP-16 The News Station, 134 F.Supp.2d 403, 405 (E.D.Pa.2001)). For the reasons explained above, it is clear that all of the operative facts that gave rise to the action in this case occurred in Arizona, Minnesota, or Massachusetts. Accordingly, the "relevant course of conduct" factor weighs heavily in favor of transfer.

**Second**, the convenience of the parties and witnesses

similarly weighs in favor of transfer. While there is a general presumption in favor of a plaintiff's choice of forum, the plaintiff's choice may deserve less deference if he or she files suit in a foreign forum "because it may be less reasonable to assume that a venue which is not the plaintiff's home forum is convenient." Burke v. Quarterly, 969 F. Supp. 921, 929 (D.N.J. 1997) (internal citation omitted). Plaintiff resides in Methuen, Massachusetts, which is several hundred miles from Camden, New Jersey. (Docket Item 25 at 15.) Accordingly, the Court is not persuaded that the District of New Jersey is especially convenient for Plaintiff compared with Minnesota.

Nor is the District of New Jersey convenient for Defendants. As discussed supra, Target is headquartered in Minneapolis, Minnesota. And, while TD Bank maintains its principal office in Cherry Hill, New Jersey, Defendants are defending this action together and have jointly moved for transfer of this action to the District of Minnesota. Accordingly, the Court does not find that the District of New Jersey is convenient for either Target or TD Bank.

Plaintiff also has not identified a single witness located in the District of New Jersey who would testify about the facts giving rise to this case. It is undisputed that TD Bank purchased Target's REDcard credit-card portfolio in 2013 and that TD Bank maintains its principal office in Cherry Hill, New

Jersey. But, again, Plaintiff has not alleged that any decisions related to TD Bank's acquisition of Target's credit-card portfolio affect this case. Accordingly, it appears unlikely that any potential TD Bank witnesses would be deposed in New Jersey. The convenience of the parties and witnesses thus weigh in favor of transfer to the District of Minnesota.

**Third**, this action does not "complement[] the Martinez action," as Plaintiff argues in its opposition brief. (Docket Item 25 at 15.) Martinez involved a class of plaintiffs who allegedly opened a Target credit card account and given prior express consent to receive calls, but had, at some point thereafter, revoked that consent. Martinez, Case No. 1:15-cv-07712-JBS-AMD (D.N.J.) (Docket Item 25 at ¶ 25.) In this action, on the other hand, Plaintiff seeks to represent a class of individuals who never signed up for a Target REDcard and never gave Target "prior express consent" to receive calls. The classes are, therefore, substantially different. More importantly, summary judgment was granted in favor of Defendants on Ms. Martinez's TCPA claims and the rest of the case was dismissed without prejudice. The Martinez action, which is no longer pending, does not weigh in favor of keeping the case in the District of New Jersey.

For these reasons, the private factors weigh in favor of transfer to the District of Minnesota.

**B.   Public Factors**

In addition to the private factors discussed above, the Third Circuit instructs the trial court to consider:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara, 55 F.3d at 879-80. For the following reasons, the Court finds that the public factors are neutral.

**First**, a judgment in this case would be equally enforceable in both New Jersey and Minnesota.

**Second**, the only claims here are federal-law claims arising under the TCPA, so neither District Court would be more familiar with "applicable state law."

**Third**, the relative congestion of the respective courts' dockets does not weigh heavily in favor or against transfer. The Court recognizes the disparity between the median time to disposition of a civil case by trial in the District of Minnesota (30.1 months) and the median time to disposition by trial in this District (38.8 months). See Administrative Office of the United States Courts, Statistical Tables for the Federal Judiciary, available at http://www.uscourts.gov/sites/default/ files/data_tables/ fcms_na_distprofile1231.2016.pdf.

Nevertheless, because both Districts resolve relatively few cases by trial, the median time to disposition for all cases, not just trials, provides the more relevant measure of court congestion and speed to resolution of the average case. Fernandes v. Deutsche Bank Nat. Trust Co., 157 F. Supp. 3d 383, 391 n. 12 (D.N.J. 2015). The median time to disposition for all cases differs only slightly between this District (8.0 months) and the District of Minnesota (9.0 months) for the period ending December 31, 2016. See id. With this slight disparity, it cannot said that either District would dispose of this litigation faster.

Accordingly, the relevant public factors do not tip the scale either way.

**C.   First-To-File Rule**

The Court next considers the pendency of other related putative class action cases. Under the so-called "first-to-file" rule, "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." EEOC v. Univ. of Pa., 850 F.2d 969, 971 (3d Cir.1988). As the Third Circuit has explained:

> The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice.

12

Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 930 (3d Cir. 1941). "Consistent with these principles, the first-to-file rule gives courts the power to stay, enjoin, or transfer a later-filed case." Allianz Life Ins. Co. of North America v. Estate of Bleich, 2008 WL 4852683, at *3 (D.N.J. Nov. 6, 2008) (citing Keating Fibre Intern., Inc. v. Weyerhaeuser Co., 416 F.Supp.2d 1048, 1052–1053 (E.D. Pa. 2006)).

The Garcia action pending in the District of Minnesota was filed more than one year before Plaintiff filed suit in this District. Unlike the Martinez action described supra, Garcia involves substantially-similar claims to those brought by Plaintiff in this case — that Target made unsolicited calls to individuals who never owned a Target REDcard and had never given "prior express consent" for such calls.[1] Indeed, Susan Wolf, a current employee at Target, is a potential witness in both cases. (Docket Item 25 at 19.) Moreover, Plaintiff does not argue that any exceptions to the first-to-file rule, such as bad

---

[1] One notable difference between this action and the Garcia action is that TD Bank is not named as a defendant in Garcia. But as both parties apparently agree, liability for calls under the TCPA attaches to the agent making the calls (Target), as well as to the principal on whose behalf that agent is calling (TD Bank). (Docket Item 1 at ¶ 19; Docket Item 29 at 5.) Thus, the fact that TD Bank is not named as defendant in the Garcia action is largely immaterial for determining whether or not Target and/or TD Bank violated the TCPA.

faith or forum shopping, apply here. See Allianz, 2008 WL 4852683, at *4. Since it appears this Court and the District of Minnesota have concurrent jurisdiction over a substantially-similar class action, the first-to-file rule also weighs in favor of transfer to the District of Minnesota.[2]

IV. CONCLUSION

Plaintiff has not alleged any nexus between this District and the allegations raised in her complaint. Additionally, a substantially-similar class action was filed before this action and is currently pending in the District of Minnesota - the District where much of the relevant conduct took place and where one of the parties resides. For these reasons, as well as those explained above, Defendants' motion will be granted and the case will be transferred to the District of Minnesota. An accompanying Order will be entered.

**November 14, 2017**          s/ Jerome B. Simandle
Date                            JEROME B. SIMANDLE
                                U.S. District Judge

---

[2] The Court is mindful that the Garcia action is currently stayed pending decision by the D.C. Circuit in ACA Int'l, but notes that oral argument was heard by the Court of Appeals more than one year ago. Given the likelihood that ACA Int'l will be decided shortly, the Court does not find that the stay in the Garcia action weighs against transfer of this substantially-similar class action.